UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BIG DADDY GAMES, LLC,

    Plaintiff,

v.                                                       Case No. 13-C-1430

LEJA DISTRIBUTING, INC., et al.,

    Defendants.

**DECISION AND ORDER**

In this copyright action, Big Daddy Games, LLC sued Leja Distributing, Inc. and several other defendants for infringement. It now moves to compel answers to its written interrogatories and other discovery requests. For the reasons given below, the motion will be granted.

In 2010 a company called Reel Spins Studios began manufacturing "amusement devices" (slot-style machines commonly found in bars) that infringed on Big Daddy Games' copyright. That dispute was resolved in a lawsuit in the Western District of Wisconsin. In this action Big Daddy is suing the end-users (rather than the manufacturer) of the infringing products, which include game distributors as well as tavern owners. As part of its effort to discover the extent of the infringing uses, Big Daddy served discovery requests upon Leja Distributing, asking it who it sold the games to and how much revenue it generated. Leja refused to provide the names of its customers on the grounds that it didn't want them to be harassed by Big Daddy. It did provide revenue information, but Big Daddy asserts that such information cannot be verified without knowing who the actual customers are.

Leja's business is based on relationships with restaurants and taverns. It buys games from manufacturers and then pays restaurants and bars to allow Leja to place its games there. It refused to produce the names of its customers, it says, based on an understanding it had with opposing counsel, as well as the fact that it had provisionally agreed to pay Big Daddy *all* of the revenues it generated from the offending games. In its view, that rendered the customers' identities moot. In addition, the nature of its business means that Leja itself is the end-user—not the taverns and restaurants. They merely agree to allow Leja to place its games in their facilities. Given that Leja is a competitor of Big Daddy, Leja argues that Big Daddy's real purpose in seeking customer identities is to damage Leja's relationships with its customers and harm its business.

But Big Daddy argues Leja is not the only end user of the infringing products. The taverns and restaurants all derived funds from them when they were paid by Leja for the privilege of placing them in their facilities. And their use of the infringing products possibly harmed Big Daddy's business in other ways. Thus, Big Daddy states that one of the aims of the present lawsuit is to identify those end-users and name them as defendants. It cannot do this without Leja's help.

I am satisfied that in light of the breadth of allowable discovery in civil cases, the motion to compel should be granted. Leja's concerns are acute and understandable, but having violated the Plaintiff's copyright (albeit unwittingly, perhaps) it cannot act as a shield to insulate other potential violators. Moreover, discovery of customer information is commonplace in civil litigation and can aid the plaintiff in verifying damages. Finally, a victim of infringement is entitled to learn the extent of the infringement and the mechanisms and relationships through which it occurred, even if the damages might be slight. For example, even if it does not sue the identified facilities, an infringement plaintiff might want to communicate with them to educate them as to the nature of its

2

intellectual property in an effort to prevent unintentional infringement in the future. In short, the information sought could lead to relevant information about other possible defendants, as well as Plaintiff's own damages. The motion to compel is therefore **GRANTED**. Leja should identify the customers it sold the infringing games to and provide non-redacted documentation of those relationships. Big Daddy's request for costs and attorneys fees is denied, however. Given the Leja's argument against disclosure and the lack of clear authority on the issue, I find its position substantially justified.

    **SO ORDERED** this   22nd   day of May, 2014.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court