UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BIG DADDY GAMES, LLC,

        Plaintiff,

v.                                                      Case No. 13-C-1430

LEJA DISTRIBUTING, INC., et al.,

        Defendants.

## DECISION AND ORDER

In this copyright action, Big Daddy Games, LLC sued J & J Restaurants, Inc. and several other defendants for copyright infringement. On January 27, 2016, this court entered an order awarding sanctions to the Plaintiff in the amount of more than two thousand dollars, to be paid both by the Defendant and its counsel. The sanctions arose from the Defendant's failure to appear at a noticed deposition, partly due (apparently) to counsel's efforts to withdraw from representation.

Now, the Plaintiff has again moved for sanctions, citing the Defendant's continued failure to appear. According to the Plaintiff, efforts to schedule the deposition fell on deaf ears at Defendant's counsel, Murphy & Desmond. Once again, there has been no response to the motion to compel.

Clearly, the circumstances indicate the Defendant's complete failure to acknowledge that a federal civil action has been filed against it. Under such circumstances, the sanction of judgment is appropriate. This is particularly true in a case like this, where the Plaintiff has documented the infringement with photographs. There is, in short, no reasonable defense to the claim, and so

judgment is hardly a harsh sanction. The Plaintiff also has evidence that the revenues generated from the infringing machine are $41,562. Under 17 U.S.C. § 504(b), "[i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." Given that there has been no response to either motion, the infringer has failed to meet its burden that the Plaintiff's damages are anything other than the gross revenues from the machine.

Finally, although ostensibly appropriate, I conclude that attorney's fees should not be awarded. In essence, the motion for sanctions served as a motion on the merits of the action, for which the Plaintiff would have incurred attorney's fees in any event. The full amount of revenues from the infringing machine should more than make the Plaintiff whole.

The motion for sanctions is **GRANTED**. Judgment will be entered against Defendant J & J Restaurants, Inc. in the amount of $41,562.

**SO ORDERED** this 24th day of June, 2016.

    /s William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court