UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BIG DADDY GAMES, LLC,

        Plaintiff,

v.                                                   Case No. 13-C-1430

LEJA DISTRIBUTING, INC., et al.,

        Defendants.

---

## ORDER GRANTING DEFAULT JUDGMENT

---

In this copyright action, Big Daddy Games, LLC sued Leja Distributing, Inc. and several other defendants for infringement. It now moves for default judgment against five defendants who have failed to answer. For the reasons given below, the motion will be granted.

It is clear that the Plaintiff is entitled to judgment against the defendants in question. They have failed to respond and the clerk has already entered a default. The question now is what damages are appropriate. The Defendants in this action were distributors and end-users of machines built by Reel Spin Studios, and those machines infringed on the Plaintiff's copyrights. In June 2013 Reel Spin Studios' attorney sent cease-and-desist letters to the defendants, and the fourth amended complaint alleges that the Defendants' conduct was willful.

Given the Defendants' failure to respond, the nature of their infringing activities are less than perfectly clear. However, the Plaintiff has amassed the following information:

- Defendant Brian Rowe purchased three Reel Spin boards for $1,550 apiece in April 2013. (ECF No. 282-4.)

- Defendant Kono Investments leased two infringing games from Reel Spin. (ECF No. 282-1, ¶ 3.)

- Defendant SOS Marketing leased two devices produced by Reel Spin. (ECF No. 282-1, ¶ 4.)

- Defendant JW Vending purchased an unknown number of infringing devices

- Defendant Mark Clark purchased 19 infringing devices

District courts enjoy wide discretion in awarding fees and may consider various factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement." *Chi-Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224, 1229 (7th Cir. 1991). "[W]hen the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Id.* Here, given the default judgment, the allegations of the complaint are taken as true and a finding of wilfulness is therefore warranted. *Scholz Design, Inc. v. Campbell Signature Homes, LLC,* No. 08-1087, 2009 WL 383430, at *2 (C.D. Ill. Feb. 12, 2009) ("the Court finds that Campbell's copyright infringement was knowing, willful and intentional, because Scholz made this allegation in its Complaint."); *Kinsey v. Jambow, Ltd.,* 76 F. Supp. 3d 708, 712 (N.D. Ill. 2014) (same).

Under 17 U.S.C. § 504(c)(2), statutory damages of up to $150,000 per infringement are available. The complaint alleges that each of the Defendants infringed three of the Plaintiff's copyrighted games. Accordingly, the Plaintiff seeks $450,000 in statutory damages against each of the defaulting Defendants. Given the finding of willful infringement, the question of statutory

damages is more about deterrence and penalizing the infringers than it is about making the Plaintiff whole for lost royalties or profits. *Chi-Boy Music*, 930 F.2d at 1229. Since the machines in question sold for only $1,550 (in the case of one defendant), and since the defendants are primarily taverns or individuals, the full amount sought by the Plaintiff ($450,000 against each defendant) is wildly out of scale. Instead, I conclude that an award of $15,000, which is roughly ten times the value of an infringing device, will suffice to deter future infringement and will more than make the Plaintiff whole for any losses it sustained. In the case of Defendant Clark, who purchased more infringing devices than any other, the award will be doubled to $30,000.

Accordingly, the motion for default judgment is **GRANTED**. When the case concludes, judgment will be entered against Defendant Clark in the amount of $30,000, and against Defendants Rowe, Kono Investments, SOS Marketing, and JW Vending in the amount of $15,000 each.

**SO ORDERED** this 29th day of July, 2016.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court